UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:21-CR-00276-D

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE** |
| JOHN RAYMOND MEIER | |

NOW COMES Defendant John Raymond Meier and submits this sentencing memorandum and motion for a downward variance. Defendant's objections to the draft Presentence Investigation Report ("PSR") were resolved in his favor; there are no pending objections to the PSR. Discussion of Defendant's fulfillment of all of the terms of his plea agreement may merit exercising the Court's discretion to close the courtroom or calling counsel to the bench during the sentencing hearing.

## BACKGROUND

John Raymond ("J.R.") Meier is a 100% disabled veteran that stands before the Court, to some extent, because he continued to serve even after the battlefield injuries he suffered made continuing service unwise. J.R. grew up the son of a career Army Chief Warrant Officer and mother that still works in leadership of the Boy Scouts of America. He moved all over the world as an Army brat, which led to him graduating from high school in Germany at age 15. Along the way he became an Eagle Scout at age 13 and served as an altar boy at the Vatican as well as in Germany and at Fort Campbell, Kentucky.



**Service in the worst place on Earth.** J.R. was too young to enlist as he desired after high school, so he completed substantial coursework at the University of Maryland and Whitworth University. J.R. enlisted in the Army from Germany at age 19. He joined the infantry and deployed with the 82nd Airborne to Afghanistan twice[1]. He served in both Helmand Province and Kandahar during periods those campaigns suffered the highest American casualty rates of the war. His teams were tasked with hunting Taliban, patrolling for IEDs, and securing major roadways. He found his teams relentlessly undersupplied in every regard, including at least once being forced to requisition, kill, and butcher an Afghan goat so the team would have something to eat. He lost countless soldiers fighting alongside him during the war, and many more to their own hands upon their return. Counsel intends to cover three specific instances of J.R.'s battlefield heroics at sentencing: they include damage and death inflicted by enemy land mines, suicide vests, IEDs, and the search and recovery of dismembered bodies.

J.R. earned a number of awards and commendations for his service. Typical of a congenitally-modest man, J.R. is most proud of the Valorous Unit Award his unit earned during his service: now every soldier wears it during their time in that unit and he is entitled to wear it forever.

---

[1] J.R. has two DD-214s. The later DD-214 reflects an Afghanistan Campaign Medal with 4 campaign stars. Many readers would interpret this to mean he deployed there 5 times, but rather he was part of multiple different campaigns during one tour of duty meriting the additional commendations.

**Service as an Officer.** Sergeant Meier left the Army, briefly, to finish college and returned to service as an officer. At this point the battlefield injuries[2] he suffered while enlisted had begun to accrete and, ultimately, disable him. The primary offense conduct has to do with his role as a Supply Officer for a Special Forces Group at Fort Bragg. The relevant trucking contract to move war materials into position all over the country had expired; the group was in a crisis prior to resolving the issue. They patched together an illegal answer, along with J.R.'s commanding officer's detailed knowledge and involvement, as captured in Paragraph 15 of the PSR.

Put simply, J.R.'s current diagnosis from the VA includes more than two dozen findings of lost ability; these include disorientation to place and time, "total occupational and social impairment," and impaired judgment. J.R. did not suffer these injuries as an Officer. He suffered them as an enlisted man[3] and they impacted his functioning as described in the Offense Conduct section of the PSR.

## MOTION FOR DOWNWARD VARIANCE

The PSR provides for a final offense level of 10 and advisory guideline range of 6 to 12 months. The advice of the guidelines is that the court can meet the obligations of such a Zone B sentence through a number of formulas including intermittent confinement, community confinement, or home detention. (PSR Parag. 50). Put simply, J.R. Meier is already imprisoned by injuries suffered by and through his heroic service to his nation. The defense submits a Zone A sentence of straight probation is more appropriate given consideration of the Section 3553

---

[2] Meier suffers from PTSD and a Traumatic Brain Injury, along with other injuries substantially addressed in PSR Paragraph 29. The defense wishes to note he did NOT suffer multiple gunshot wounds as noted therein.

[3] J.R. is also a graduate of SERE school, which teaches soldiers that stand to be captured behind enemy lines to survive, evade, resist, and escape. The school's tactics are apparently not for public disclosure but are clearly designed to foster survival when held captive by enemies that disregard the customs of the Geneva Convention or other standards of human decency. J.R.'s wife believes some of his mental health issues are exacerbated by his experience in SERE school.

3

Case 5:21-cr-00276-D   Document 52   Filed 03/02/22   Page 3 of 7

factors. Specifically, J.R. presents admirable history and characteristics and presents no risk of recidivism: he has only and forever been a boon to his family, church, and community. Furthermore, the deterrent effect of a felony conviction alone is more than enough here to reflect the gravity of the offense. J.R.'s disabilities obviate the relevance of educational and training opportunities. Indeed, his medical needs cannot plausibly be addressed within the Bureau of Prisons and are only exacerbated by additional conditions of confinement. The risk of unwarranted sentencing disparity is not great by the small departure requested. Indeed, Sentencing Commission data can be sorted for factors such as race, gender, and age; the Commission offers no tab to sort for heroes.

The Court is well-aware of its authority to depart from the advisory guideline range in light of *Booker*, *Gall, Kimbrough,* and their progeny. The power of the Court's discretion to meet the mandates of 18 U.S.C. § 3553 is its overarching duty. *Pepper v. United* States, 131. S.Ct. 1229, 1242, 1242-43 (2011). The defense will not belabor this authority on brief but will be prepared to further articulate it if the Court desires at sentencing.

## CONCLUSION

For the reasons outlined above, the defense suggests the Court should formally calculate and then reject the advice of the Sentencing Guidelines and impose a probationary sentence.

Respectfully submitted this 2nd day of March, 2022.

                                                <u>/s/   Joshua Howard</u>
                                                Joshua Howard
                                                NC Bar No. 26902
                                                Gammon, Howard & Zeszotarski, PLLC
                                                115 ½ West Morgan Street
                                                Raleigh, NC  27601
                                                (919) 521-5878
                                                Fax:  (919) 882-1898
                                                jhoward@ghz-law.com
                                                Counsel for Defendant
                                                Appointed

CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 47.2, I hereby certify that the foregoing document has been prepared using Microsoft Word, Times New Roman, 12-point typeface. I certify that the foregoing document contains 1250 words.

/s/   Joshua Howard
Counsel for Defendant
Appointed

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing DOCUMENT through the electronic service function of the Court's electronic filing system, as follows:

Susan B. Menzer
United States Attorney – EDNC
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
919-856-4530
Susan.menzer@usdoj.gov

Joseph E. Houchin
Kaufman & Canoles, P.C.
4350 Lassiter at North Hills Ave., Suite 240
Raleigh, NC 27609
(984) 222-8104
jehouchin@kaufcan.com


This the 2nd day of March, 2022.

/s/   Joshua Howard
Counsel for Defendant
Appointed

7